## D. W. CLARK ET AL. *v.* J. CLARK ET AL.

1. MARRIED WOMAN. *Money borrowed to pay for land. Subrogation.*
   Under the Code of 1871, if a married woman borrows money and uses it to pay the price of land, the lender is entitled to be subrogated to the vendor's right and to compel her to pay the loan or surrender the land.

2. SAME. *Chancery pleading. Variance. Prayer for general relief.*
   Such relief may be granted under a bill to foreclose a void mortgage executed by the married woman to secure the loan, if the bill states the facts and contains a prayer for general relief.

3. SAME. *Account against. For purchase-money of land and other items. Appropriation of payments.*
   Where money loaned a married woman to purchase land, and used by her for that purpose, is charged against her as an item of her general account with the lender, payments on such account not applied by the parties should be appropriated by a court of equity, not to the item of loaned money, but to the other items of the account, if she be liable therefor, because such loan constitutes no legal demand against her on her estate, except as to the land purchased therewith; and as to that, she could be released by surrendering it to him who furnished her the money to pay for it.

APPEAL from the Chancery Court of Lee County.

Hon. LAFAYETTE HAUGHTON, Chancellor.

The case is sufficiently stated in the opinion of the court.

*W. L. Clayton*, for the appellants.

1. The mortgage is void. Code 1871, sects. 2287, 2315; *Ezelle* v. *Parker*, 41 Miss. 520; *Rhea* v. *Rhenner*, 1 Pet. 105. The bill is not framed with the view of establishing a resulting trust, and the evidence does not prove one, because the complainants' money was not paid at the time of the purchase (*McCarrol* v. *Alexander*, 48 Miss. 128), and because they paid the money for Mrs. Dunn and she agreed to secure it (*Gibson* v. *Foote*, 40 Miss. 792), and because they loaned her

the money. No equitable lien is alleged or proved. Her separate estate is not bound for the debt. *Viser* v. *Scruggs*, 49 Miss. 705 ; *Netterville* v. *Barber*, 52 Miss. 168 ; *Nelson* v. *Miller*, 52 Miss. 410 ; *Stokes* v. *Shannon*, 55 Miss. 583.

2. But I contend that if the money borrowed by Mrs. Dunn was a debt against her or her estate, it was fully paid and satisfied before the commencement of this suit. The appellees' books of account show that after the date when Mrs. Dunn was charged in her account with this money loaned, she paid them in money and cotton enough to cover the principal and interest of the loan and leave a balance over.

*Blair & Clifton*, on the same side.

1. Mrs. Dunn was the real purchaser, and she borrowed the money to pay a debt already contracted, and agreed to secure the loan. 48 Miss. 136. The transaction created no charge on her separate estate, because not for any of the purposes enumerated in the statute. The mortgage and note sued upon show that they were given for a debt which Mrs. Dunn owed the appellees, and not for the purchase-money of the land. Clearly, the appellees have neither a trust nor a lien.

2. How will the law apply the payments made by Mrs. Dunn after she borrowed the money from the appellees? We contend that it will apply the oldest payments to the oldest debits in her account. The rule is laid down thus in Clayton's case ; *Devaynes* v. *Noble*, 1 Mer. 584, 610.; Munger on Appl. Pay. 103. It is the first item on the debit side of the account that is discharged or reduced by the first item on the credit side. The appropriation is made by the very act of setting two items against each other. Upon this principle all accounts current are settled. After the execution of the deed of trust, all payments made and not applied by the parties should be applied by the court most favorably to the debtor, according to the established law of payments in this State.

*J. A. Blair*, of counsel for the appellants, argued the case orally.

*J. A. Brown*, on the same side.

1. As the bill is framed to foreclose a mortgage which is void, no other question can be considered. *Bowman* v. *O'Reilly*, 31 Miss. 261; *Shaw* v. *Brown*, 35 Miss. 246. A resulting trust, however, does not arise on the facts. *Yerger* v. *Miazza*, 53 Miss. 135. Subrogation is not claimed in the bill, and it is rendered impossible by the fact that the parties paid the decree, intending to extinguish it. *Howell* v. *Bush*, 54 Miss. 438. The facts negative any intention to keep the decree alive, and show that the appellees did not look to securing the rights of assignees thereof.

2. The money borrowed by Mrs. Dunn, with interest thereon, has been paid. But the point is that she is charged on the appellees' books with this money while she is alive, and they attempt to contradict their books after she is dead.

*J. L. Finley*, for the appellees.

1. The payment of the purchase-money by the appellees, while the deed was made to Mrs. Dunn, created a resulting trust. *Brooks* v. *Shelton*, 54 Miss. 353. The money which goes to the vendor as an inducement for the title with which he parts raises the equity. *Harvey* v. *Ledbetter*, 48 Miss. 95; *McCarrol* v. *Alexander*, 48 Miss. 128. A married woman who buys land on a credit cannot retain it without paying the purchase-money. *Foxworth* v. *Bullock*, 44 Miss. 457; *Gordon* v. *Manning*, 44 Miss. 756; *McNair* v. *Stanton*, 57 Miss. 298.

2. The charging of the amount of purchase-money loaned to Mrs. Dunn on the appellees' books was simply a memorandum of the amount, and in no way changed the nature of the transaction.

*Fontaine & Mitchell*, on the same side.

A married woman who buys land on credit must pay or surrender the land. *Hendricks* v. *Foote*, 57 Miss. 117; *McNair* v. *Stanton*, 57 Miss. 298. She can, therefore, borrow the money to pay the debt, and the lender will be subrogated to the rights of the original creditor. *Harmon* v. *McGee*, 57 Miss. 410. While the bill was filed to foreclose the mortgage, yet, under

the prayer for general relief, the decree was proper under the facts alleged and proved. *Dease* v. *Moody*, 31 Miss. 617; *Dodge* v. *Evans*, 43 Miss. 570.

CHALMERS, C. J., delivered the opinion of the court.

Mrs. Dunn bought a tract of land at a commissioner's sale, for which, at her request, her merchants, J. Clark & Co., made payment, she agreeing to protect them by a mortgage on the land purchased. The execution of the mortgage was at the time neglected and deferred, and did not take place for two years thereafter, at which time it was invalidly executed, the defect in the instrument consisting in the failure of Mrs. Dunn's husband to join in it. Mrs. Dunn being now dead, and the amount remaining unpaid, J. Clark & Co. filed the bill in this case against her heirs and personal representative, seeking a foreclosure of the mortgage and adding a prayer for general relief. The chancellor properly denied a foreclosure of the invalid mortgage, but rightfully, as we think, fastened a lien on the land for the unpaid purchase-money.

A loan of money to a person *sui juris*, for the purpose of enabling him to buy or pay for a tract of land, will create no trust or lien on the land purchased in favor of the lender of the money, who must in such cases be content with the personal responsibility of the borrower; but the rule is different where money is advanced to a married woman for the purpose of enabling her to acquire property, and by its use the property is actually acquired. In such case, where the contract is of such character as imposes no personal liability on the woman and no liability upon her separate property, a denial of a right to subject the thing acquired to the repayment of the money with which it was purchased would produce the anomalous and inequitable result of allowing her to obtain a perfect title to valuable property by the use of the money of another, without any right, legal or equitable, in such other to recover his money. The law will not tolerate a wrong so gross. A married woman imposes no

liability upon herself or property by borrowing money ; but if
the lender can show that she has applied the money to the
purchase of articles for which she is by law authorized to con-
tract, he will even in a court of law be subrogated to the
rights of the seller of the articles, and will be allowed to re-
cover a judgment to be satisfied out of her separate estate.
So, a married woman cannot bind herself or property in buy-
ing land on a credit, but if she buys it the vendor can compel
her to pay the price or surrender the land.  If the vendor has
been satisfied with money advanced by another for this purpose,
no reason is perceived why a court of chancery should not
subrogate him to the right of the vendor to compel repayment
of the money or a surrender of the land.  To hold otherwise
would enable her to acquire property without the expenditure
of any means of her own, and without imposing any liability
on herself or her estate or on the property acquired.  A
court of equity will not countenance such a system of finan-
ciering.

The money advanced by complainants, which was by Mrs.
Dunn invested in the land, was charged by complainants upon
her general account, and as that account shows that sufficient
payments were made after the advance to extinguish it, ap-
pellants insist that these payments shall be applied to the sat-
isfaction of the land debt, although it was not specifically so
applied by the parties.  This demand is based upon the idea
that the payments should be applied most beneficially for the
debtor, but it overlooks the principle that the land transaction
created no debt against Mrs. Dunn or against her estate ; that
she could at any time have acquitted herself of all legal and
moral obligations to pay for the land by surrendering it to
those by whose means it was acquired.  It was impossible for
the creditors to know whether she proposed to keep the land,
and thereby create an equitable lien or demand against it, or
by surrendering it extinguish all claims against herself on ac-
count of it.  It appears from the record that Mrs. Dunn
owned property, real and personal, other than the land in

question, and this property was bound by the other items of the account; so that in applying the payments to such items the court was really applying them most beneficially to the debtor.

The amount of the decree rendered in the court below being in excess of the amount advanced for the purchase of the land, and legal interest, the decree will be reversed and a decree entered here for the true amount.